## Commonwealth v. Long

*Martin A. Flayhart, District Attorney,* for Commonwealth.
*Merritt E. McKnight,* for defendant.

BROWN, *P.J.,* April 9, 1980—Defendant has been charged with hunting big game in an unlawful manner in violation of section 704(b) of The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.704(b). At the conclusion of the Commonwealth's case, defendant demurred to the Commonwealth's evidence which demurrer was taken under advisement and is now ready for disposition.

In ruling on the demurrer the Commonwealth must be given the benefit of all reasonable inferences from the evidence presented. The incident in question arose on December 16, 1978 at 6:30 p.m. on the Barney Ridge Road in Noyes Township. At about that time District Game Protector John Wasserman was on patrol on the Barney Ridge Road when he rounded a curve and observed a vehicle spotlighting a deer on the west side of the road. Upon Wasserman's approaching the vehicle, the vehicle began moving at which time Wasserman

turned on his rotating red light and stopped the vehicle approximately three-tenths of a mile from the point where it was first observed. Defendant was the operator of this vehicle and it contained no other occupants.

Upon approaching defendant's vehicle Wasserman observed a Remington Model 700, 243 caliber bolt action rifle between the bucket seats in the front of the vehicle. The rifle was equipped with a scope and the lens covers on the scope were flipped up. In his search of the vehicle for a spotlight, Wasserman found one live round of 243 caliber ammunition lying next to the rifle as well as several other boxes of this ammunition in the back of the vehicle. He was unable to find the spotlight but observed a hot wire coming out of the dashboard of the vehicle.

At the time Wasserman wrote out a citation charging defendant with the present offense. Subsequently, he radioed Deputy Game Protector David Snodgrass and requested him to come to headquarters as soon as possible. Deputy Snodgrass picked up Deputy Tolomay and went to Wasserman's headquarters. Wasserman then advised the deputies of the situation and sketched a map of the area for them and asked them to return to the area to search for a spotlight. Snodgrass and Tolomay complied with this request and proceeded to the Barney Ridge Road. They found the camp road that was mentioned as the site of the incident and began searching the west side of the road. At 8:30 p.m. they found a spotlight lying face down with the lens approximately six feet off of the roadway with the cord extended towards the roadway. The location of the spotlight was apparently one-tenth of a mile from the camp road and about three-tenths of a mile from the point where District Game Protector Wasserman stopped defendant. The ground was

snow covered where the light was found; however, there was moisture on the lens in the form of water droplets.

Section 704(b), 34 P.S. §1311.704(b), provides as follows:

"It is unlawful for any person . . . to throw or cast the rays of a spotlight, headlight, or other artificial light on any highway or in any field, woodland or forest between midnight and sunrise, unless otherwise excepted, or at any time upon any big game while having in his . . . possession or under their control a firearm or other implement whereby any big game could be killed, even though such animal be not shot at, injured or killed. . . ."

Defendant's demurrer raises several questions which include the following. First, that the Commonwealth has not established that the spotlight found by Deputy Snodgrass belonged to Mr. Long, i.e., that the Commonwealth has not established that Mr. Long was in fact using a spotlight at the time in question. The second basis for the demurrer is that the Commonwealth's evidence does not establish that defendant had in his possession a firearm which would kill the animal. This objection emanates primarily from the fact that the firearm in question was unloaded when found by Wasserman.

In ruling on a demurrer, the court must give the Commonwealth all favorable and reasonable inferences from its evidence, and after considering the evidence the court concludes that the demurrer cannot be sustained.

The evidence with regard to defendant's actually using a spotlight is somewhat circumstantial. The court notes that Officer Wasserman's testimony is

that he did in fact observe defendant's vehicle spotlighting a deer. The light retrieved several hours later by Deputy Game Protector Snodgrass was in close proximity to the site of the incident. It was found under circumstances indicating that it had been placed in the snow while it was still warm thus allowing an inference that it had been used and placed there fairly recently and certainly within the time period that defendant was on the scene. Accordingly, a fact finder could conclude based upon Officer Wasserman's direct testimony of spotlighting and Deputy Snodgrass' finding of the spotlight in that area that defendant was spotlighting at the time in question.

With regard to the second issue the law provides that a person is in violation of section 704(b) if while spotlighting he has in his possession a firearm whereby any big game animal could be killed even though such animal is not shot at, injured or killed. There is no requirement that the firearm be loaded, and in view of the fact that Officer Wasserman found ammunition nearby so that the gun could have been loaded in a very short period of time in order to shoot at a big game animal, it could be inferred from the Commonwealth's evidence that defendant had in his possession a firearm whereby a big game animal could have been killed.

## ORDER

And now, April 9, 1980, based upon the foregoing discussion it is hereby ordered that defendant's demurrer be dismissed and it is further ordered that the court administrator schedule this matter for a hearing for the purpose of allowing defendant to present evidence if he so desires.